Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## MEMORANDUM OPINION

No. 04-11-00423-CR

Michael **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR2807
Honorable George H. Godwin, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  June 6, 2012

AFFIRMED

The sole point of error raised in this appeal is whether the trial court abused its discretion by admitting into evidence testimony regarding Michael Martinez's prior assault convictions. We agree with the State that Martinez failed to preserve this complaint for appellate review. Accordingly, we affirm the trial court's judgment.

Martinez was charged with aggravated assault of his mother's live-in boyfriend, Roger. During cross-examination of Martinez's mother, defense counsel elicited testimony to establish

that Martinez was defending his mother at the time of the assault and that Roger wanted Martinez to leave the home because Martinez did not have a job. Before re-direct examination, the prosecutor approached the bench and argued that the cross-examination had opened the door to the introduction of evidence that Martinez had previously been convicted of assaulting Roger which was another reason Roger wanted Martinez to leave. Although the trial court agreed that the door had been opened, the trial court stated they would "take it question by question" and defense counsel could make his objections. During re-direct examination, the following questioning occurred:

> Q.      Was there ever any physical violence between this defendant —
> DEFENSE COUNSEL: Objection, Your Honor, outside the scope of cross.
> THE COURT: That will be overruled.
> Q.      (By Prosecutor) Was there ever any physical violence between this Defendant and Roger?
> A.      Before this situation?
> Q.      Before this situation.
> A.      Yes.
> DEFENSE COUNSEL: I'm going to object, Your Honor, outside the scope; other matters, other wrongs.
> THE COURT: It will be overruled, Mr. Valdez.
> Q.      (By Prosecutor) You said — the defense asked you whether or not Roger liked Michael being there. Do you remember that?
> A.      Yes, sir.
> Q.      Did Roger like Michael being there?
> A.      Yeah, he did. He just wouldn't contribute to the household. That was his thing.
> Q.      Was he also upset because this defendant had been convicted of beating him up in the past?
> A.      Yes, sir.
> Q.      How many times?
> A.      Plenty of times.
> DEFENSE COUNSEL: I am going to object, Your Honor.
> THE COURT: That will be overruled.

In order to claim on appeal that a trial judge erred in admitting evidence, the error must be preserved by a proper objection. *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App.

2003); *Ethington v. State*, 819 S.W.2d 857, 858 (Tex. Crim. App. 1991). A proper objection is one that is specific and timely. *Martinez*, 98 S.W.3d at 193; *Ethington*, 819 S.W.2d at 858. To be timely, the objection should, if possible, be made before the evidence is actually admitted. *Ethington*, 819 S.W.2d at 858. "If this was not possible, the defense must have objected as soon as the objectionable nature of the evidence became apparent." *Id*. A defendant also is required to object each time the evidence is offered unless: (1) defense counsel obtains a running objection; or (2) defense counsel lodges the objection and obtains a ruling to the objectionable evidence in a hearing requested by defense counsel outside the jury's presence. *Id*. at 858-59.

In this case, although the trial court discussed whether the door was opened in a hearing outside the jury's presence, the trial court stated the testimony would be taken question by question, and the trial court instructed defense counsel to make his objections. No objection was made, however, when the prosecutor asked if Martinez had been convicted of beating up Roger in the past. Moreover, no objection was made when Roger later testified that Martinez had previously assaulted him on more than one occasion. Because error was not properly preserved with regard to the trial court's admission of the testimony regarding the prior assaults, the trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH